IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KELLY R. SHRADER,

    Plaintiff,

v.                                          Civil Action No. 5:04CV88
                                                    (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The plaintiff, Kelly R. Shrader ("Shrader"), filed an action in this Court on August 16, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security Administration, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The defendant filed an answer to the plaintiff's complaint on October 21, 2004, and a motion for summary judgment on November 18, 2004. On November 16, 2004, the plaintiff filed a motion for summary judgment.

Magistrate Judge Seibert considered the defendant's motion for summary judgment and submitted a report and recommendation. In his report, he made the following findings: (1) the decision of the

Administrative Law Judge ("ALJ") was based on substantial evidence; (2) the ALJ properly weighed the opinion of the plaintiff's treating physician; (3) the ALJ properly determined the plaintiff's Residual Functional Capacity ("RFC"); and (4) the ALJ posed a proper hypothetical to the Vocational Expert ("VE").

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. On June 30, 2005, the plaintiff filed objections to the magistrate judge's report and recommendation requesting this Court to reverse the Commissioner's decision or, in the alternative, remand the claim for further evaluation of medical evidence and medical expert testimony.

Specifically, the plaintiff objects to the magistrate judge's finding that substantial evidence supported the ALJ's determination that the plaintiff could sustain employment.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right

to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

Accordingly, this Court reviews de novo the magistrate judge's findings to which the plaintiff has objected. All other findings for the magistrate judge are reviewed for clear error.

## II. Facts

On June 6, 2003, the plaintiff filed for Disability Insurance Benefits ("DIB") alleging disability since August 27, 2002. Following a hearing on December 15, 2003 before an ALJ, the plaintiff's application was denied because the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act. An Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff then filed the present action with this Court.

## III. Legal Standards

### A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not

3

prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

B. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether

there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

The plaintiff objects to the magistrate judge's finding that the ALJ properly weighed relevant evidence. To this end, the plaintiff argues that the ALJ and the magistrate judge failed to properly considered physicians' notes written to excuse the

plaintiff from excessive absenteeism at work.  Further, the plaintiff argues that the ALJ and the magistrate judge improperly weighed the plaintiff's extreme limitations in the activities of her daily living.  This Court addresses the plaintiff's specific contentions regarding doctors' notes and daily activity in turn.

A.  Doctors' Notes

As stated above, the plaintiff objects to the consideration given to records from the Benwood Medical Clinic showing fourteen excuses for the plaintiff's absence from work, thirteen of which were written for periods of a month or more.  The plaintiff argues that it is significant that her absenteeism came only after twelve years of "solid work history."  Mem. Supp. Obj. at 1.  The plaintiff contends that it is clear that the magistrate judge did not consider this evidence because he did not include the notes in his summary of the medical history delineated in his report and recommendation.

The plaintiff's argument is without merit.  The plaintiff acknowledges in her objections that she filed records of the doctors' notes in question with the Appeals Council twice.  In addition, the plaintiff references the doctors' notes in her statement of errors filed with this Court on November 18, 2004.  On November 19, 2004, the magistrate judge entered an order granted a motion by the plaintiff to supplement the record with documents that included the doctors' notes in question.  The plaintiff then

filed a supplement which consisted primarily of photocopies of handwritten, slip notes for review by the magistrate judge. Accordingly, this Court finds that, while the magistrate judge did not specifically reference the doctors' notes in his summary of medical history, these notes were clearly considered. See Green v. Shalala, 51 F.3d 96, 101 (7th Cir. 1995)(written evaluation of each piece of evidence or testimony not required).

Equally significant, this Court finds that the doctors' notes are immaterial because they would not have changed the outcome of the ALJ's or magistrate judge's findings. See Wilkins v. Sec'y, Dep't of Health and Human Servs., 953 F.2d 93, 96 (4th Cir. 1991)("Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome."). The majority of the notes contained in the supplement gave little description of the plaintiff's illness and made no attempt to record any type of diagnosis.[1] Their purpose was simply to provide the plaintiff's employer with notice from a doctor, and therefore, the notes are of little value in determining the plaintiff's RFC. Both the magistrate judge and the ALJ considered the actual injuries and illnesses alleged by the plaintiff and documented by actual medical records. Accordingly, this Court finds the

---

[1] A sample of the wording of the notes is as follows: "Please excuse from work due to illness -- 7/29/02;" "Please excuse from work 8/24/02 as well as 8/30/02 due to illness;" "Please excuse from work (sick leave). . . to have surgery -- off until March 19, 2001." See Supplement at 8, 10 and 13.

7

treatment of doctors' notes excusing the plaintiff from work to be sufficient in this case.

B.  Daily Activities

Plaintiff objects that the magistrate judge improperly weighed evidence and argues that the magistrate judge gave a poor basis for concluding that the plaintiff's lifestyle demonstrates an ability to work.  Specifically, the plaintiff argues that the daily activities listed by the magistrate judge "are not compatible with substantial gainful activity."  Mem. Supp. Obj. at 3.

This Court rejects plaintiff's objection.  First, the plaintiff takes the magistrate judge's discussion of daily activities out of context.  The magistrate judge primarily cited the plaintiff's activities to highlight inconsistencies in her testimony.  The magistrate judge noted that the plaintiff indicated that she prepared meals, did household chores (such as laundry, dusting, bill paying and washing dishes), shopped, and read for at least one and a half hours per day.  He then concluded that these activities contradicted "the claimant's testimony that she rarely performed household chores and could barely read without having an attack."  Report and Recommendation at 19.  Accordingly, the plaintiff's listed activities not only demonstrated her ability to perform sedentary work, but revealed the plaintiff's testimony regarding injuries to be unreliable.

The magistrate judge's analysis was consistent with the ALJ's findings that the plaintiff's testimony was not entirely believable. Importantly, the ALJ contrasted her testimony with Dr. Tiu's January 2004 office note showing major improvements in the plaintiff's brief episodes of dizziness and right-sided hearing loss. R. at 19. Noting that the plaintiff watched television for three hours a day, watched three movies a week, went to dinner or the mall once every two weeks, the ALJ also found that the plaintiff's concentration levels were not as impaired as she indicated in her testimony. Id.

Accordingly, this Court finds that the magistrate judge appropriately reviewed the ALJ's findings for substantive evidence, appropriately weighed all relevant evidence and correctly accepted the ALJ's determination of the plaintiff's RFC.

## V. Conclusion

After reviewing the magistrate judge's findings, this Court agrees that the ALJ's decision was supported by substantial evidence, that the defendant's motion for summary judgment should be granted, and that the plaintiff's statement of errors should be denied. This Court concludes that there are no remaining genuine issues of material fact for this Court to consider.

For the reasons stated above, this Court ACCEPTS and ADOPTS the magistrate judge's recommendation. For the reasons stated above, it is ORDERED that the summary judgment motion of the

defendant be GRANTED and the plaintiff's motion for summary judgment be DENIED.  It is further ORDERED that the plaintiff's alternative request to remand be DENIED and that this case be DISMISSED and STRICKEN from the active docket of this Court.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    July 20, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE